Story, Justice,
 

 delivered the opinion of the oourt ? and after stating the case, proceeded as follows : — *The question in this case is, whether the demurrer was well taken. In support of the decree, two points are stated at the bar: 1st, that the plaintiff has not shown any interest in the subject, entitling the state of Virginia to maintain the bill; 2d. that if there was originally any resulting authority to the state, to compel an account, that power, by the erection of Kentucky into an independent state, devolved on the latter state, the defendant having been, and still continuing to be, a citizen of that state; and that it was not competent for the legislature of Virginia, in 1813, to pass a law, which should bind a citizen of Kentucky to account for official duties, which were not performed in virtue of any appointment made by the government of Virginia.
 

 
 *163
 
 It is unnecessary to consider tbe last objection, because we are of opinion, that tbe first is fatal to tbe bill. Tbe act of 1783, for tbe better locating and surveying the lands given to the officers and soldiers on continental and state establishments, authorizes the deputations of officers, therein named, to appoint superintendants, in behalf of their respective lines, for the purpose of surveying the lands ; and also to appoint two principal surveyors, and contract with them for their fees, &c. The third section of the act then provides, “ that every person or persons holding officers’ or soldiers’ warrants, by assignment, shall pay down to the principal surveyors, at the time of the delivering such warrant or warrants, one dollar for every hundred acres thereof, exclusive of the legal surveyor’s fees, towards raising a fund for the purpose *of supporting all contingent expenses ; or, at the option of such holder or holders, the same may be held up, until the warrants of all the original grantees have been surveyed; the said surveyors to account for all the money so received, to such person or persons as the said deputations may direct.” This is the clause upon which the bill is founded ; and it is apparent, that in terms it provides for an accountability, not to the state, but to persons to be appointed by the deputations of officers ; to those for whose benefit the fund was raised, and was to be applied, and not to the state, which had no interest whatsoever in it. Even, then, if by the death of all the deputations of officers, without making any appoinment, the authority intended by the act became incapable of being executed, there is no averment in the bill to that effect; on the contrary, the bill does admit that superintendents were appointed, of whom some are dead, and the survivors decline to act. If, therefore, under any circumstances, a resulting power could arise to the state to enforce an account, from the want of any proper private parties
 
 in esse
 
 to claim it, such a case is not stated by the
 
 hill.
 
 Whether, in such a case, the assignees of the warrants, or a part of them, suing in behalf of the whole, might not maintain a suit in equity for an account, is not for us now to determine. It is sufficient, that the state of Virginia, by the very terms of the act, has delegated to other persons, whose existence is not denied, the authority to call the surveyors to account.
 

 Decree affirmed, with costs.